
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30018 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00062-BMM-1 |
| v. | |
| UDELL CLY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted April 8, 2016[**]
Seattle, Washington

Before: HAWKINS, RAWLINSON, and CALLAHAN, Circuit Judges.

Udell Cly pleaded guilty to Count 1 of an indictment charging him with

sexual abuse of a minor, a violation of 18 U.S.C. §§ 1153(a), 2243(a). On appeal,

he challenges the denial of his motion to suppress evidence gathered during a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

warrantless search of his mother's home.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"We review *de novo* motions to suppress, and any factual findings made at the suppression hearing for clear error."  *United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (quoting *United States v. Ruckes*, 586 F.3d 713, 716 (9th Cir. 2009)). The district court denied suppression based on two well-established exceptions to the warrant requirement: voluntary consent and exigent circumstances.

1.    "In order to establish the validity of a consent to search, the government bears the heavy burden of demonstrating that the consent was freely and voluntarily given."  *United States v. Chan-Jimenez*, 125 F.3d 1324, 1327 (9th Cir. 1997) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973)).  Because the district court did not make a specific factual finding as to whether consent was given, we review de novo.  *Basher*, 629 F.3d at 1165.

We have stated that "[c]onsent can be inferred from nonverbal actions, but it must be 'unequivocal and specific' and 'freely and intelligently given.'"  *Basher*, 629 F.3d at 1167 (quoting *Chan-Jimenez*, 125 F.3d at 1328).  The hearing testimony demonstrates that the officers received nonverbal consent from Annette Stanley, a resident of the home and the defendant's mother, to search the

2

basement.[1]  In response to the officers' explanation that there were several missing young girls hiding in her basement and consuming alcohol with two adult males, including her son, Ms. Stanley "hollered" for the defendant, who emerged from the basement.  Ms. Stanley then led the officers down the basement stairs where the missing girls were located.  These circumstances were sufficiently unequivocal and specific to constitute a valid consent.

The second prong of the inquiry required the district court to determine whether consent was voluntarily given.  Whether a person's consent was voluntarily given is determined from the totality of the circumstances.  *Chan-Jimenez*, 125 F.3d at 1327.   Ms. Stanley was not in custody at the time of the request to search.  Because she was not in custody, Miranda warnings,[2] which were not given, were unnecessary.  In addition, there is no testimony that the officers had their guns drawn, nor is there testimony establishing that the officers threatened Ms. Stanley that they would obtain a search warrant if she refused to consent.  Considering the totality of the circumstances, Ms. Stanley's consent met the standard we have set for voluntariness.  *Basher*, 629 F.3d at 1168.

---

[1]There is no dispute that Ms. Stanley had the authority to give consent.

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

2. The district court properly determined that exigent circumstances justified the officers' warrantless search of the home. Whether exigent circumstances existed is a mixed question of law and fact that is reviewed de novo. *United States v. Reilly*, 224 F.3d 986, 991 (9th Cir. 2000). "One exigency obviating the requirement of a warrant is the need to assist persons who are seriously injured or threatened with such injury." *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). "The exigencies must be viewed from the totality of circumstances known to the officers at the time of the warrantless intrusion." *United States v. Licata*, 761 F.2d 537, 543 (9th Cir. 1985). When the officers arrived at the scene, they were told that the missing girls they were looking for, between ages 12 and 14, were in Ms. Stanley's basement. As the district court reasoned, the officers could reasonably have believed the combination of multiple young girls, adult males, and alcohol posed a serious danger of sexual assault or other injury to those teenage girls. Thus, their warrantless entry was reasonable, and the district court's refusal to suppress the evidence found as a result of their search was proper.

**AFFIRMED.**